Argued and submitted July 27, reversed and remanded August 25, 1999

# STATE OF OREGON,
*Appellant,*

*v.*

# BRIAN JUBIE,
*Respondent.*

(75437; CA A103373)

986 P2d 622

Rolf C. Moan, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Paula J. Lawrence argued the cause for respondent. With her on the brief was Lawrence & Houser, P. C.

Before Edmonds, Presiding Judge, Deits, Chief Judge, and Armstrong, Judge.

EDMONDS, P. J.

**EDMONDS, P. J.**

The State of Oregon appeals from a pretrial order suppressing evidence of defendant's Intoxilyzer test result in this prosecution for driving under the influence. ORS 138.060(3). We reverse and remand for reconsideration.

This case involves a situation where the operator of the test relied on another officer to perform the 15-minute observation period before the test was administered. The trial court ruled that the requirement of OAR 257-030-0070(2)[1] had not been met. The trial court wrote in its order, "[w]e know that [defendant] took nothing by mouth and we know that he didn't regurgitate or vomit." However, the trial court also found, "[the operator], I am satisfied, did not have that knowledge about the regurgitation." Ultimately, the court reasoned that, because the designated observer of defendant during the 15-minute observation period had not expressly communicated to the operator of the test about whether any of the events described in the rule had occurred, our holding in *State v. McVay*, 83 Or App 312, 731 P2d 466 (1987), required suppression in this case.

In *State v. Tynon*, 152 Or App 693, 955 P2d 250 (1998), *rev den* 328 Or 365 (1999), we held that the fact that there were no express communications between the operator of an Intoxilyzer test and the observer of the defendant did not preclude a finding that, under the totality of the circumstances, the operator had formed the belief required by the rule. We said that the rule requires that the operator have a subjective belief that the rule's requirements were met and that that belief must be objectively reasonable. We also disavowed any suggestion that, under the holding in *McVay*, "the

---

[1] OAR 257-030-0070 provides, in part:

"(2) Pre-Test Requirement:

"(a) The operator is certain that the subject has not taken anything by mouth (drinking, smoking, eating, taking medication, etc.), vomited, or regurgitated liquid from the stomach into mouth, for at least fifteen minutes before taking the test;

"(b) There is no requirement that the operator be the person who makes observation of the subject. The person performing the Pre-Test Requirement (observation period) need not possess a permit to test the alcoholic content of blood."

rule contemplates only express oral communications" between the observer and the operator. *Id.* at 697 n 3. Here, it is not clear to us from the trial court's findings or from its reliance on *McVay* that it applied the correct test.[2]

The state also argues that, even if the rule's requirement was not met, admission of the test result is required under ORS 136.432, which provides that "[a] court may not exclude relevant and otherwise admissible evidence in a criminal action on the grounds that it was obtained in violation of any statutory provision" subject to certain exceptions.[3] In light of our disposition, we need not decide that issue at this time. However, we note that should the trial court on remand determine that the rule's requirement was not met, it must then determine admissibility under ORS 136.432.

Reversed and remanded.

---

[2] The evidence appears to reflect that defendant was watched continuously throughout the 15-minute period by the observer and that the operator was in the presence of defendant during that time.

[3] ORS 136.432 provides:

"A court may not exclude relevant and otherwise admissible evidence in a criminal action on the grounds that it was obtained in violation of any statutory provision unless exclusion of the evidence is required by:

"(1) The United States Constitution or the Oregon Constitution;

"(2) The rules of evidence governing privileges and the admission of hearsay; or

"(3) The rights of the press."